IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br>     Plaintiff <br><br> v.    Code <br><br> GOLDEN GATE TRANSPORT, LLC, KAREL GALLART and SANDRA GALLART, <br>     Defendants | § § § § § § § § § § § | CASE N0. 3:16-cv-00469 |

## **ORIGINAL COMPLAINT SEEKING DECLARATORY RELIEF**

TO THE COURT:

United Specialty Insurance Company ("United"), Plaintiff, files this as its Original Complaint Seeking Declaratory Relief. In support of its Original Complaint, United would show this Court as follows:

### **Parties**

1. United Specialty Insurance Company is a surplus lines insurance carrier organized under the laws of the State of Delaware, with its headquarters and principal place of business in Texas.

2. Golden Gate Transport, LLC ("Golden Gate") is a trucking company organized and doing business under the laws of the Texas. Golden Gate can be served with process through service on Jorge Bolivar, 838 Southwick Drive, El Paso, Texas 79928, or wherever he may be found. United requests that summons be issued so that service may be perfected upon this defendant.

3. Karel Gallart is an individual resident of Texas. Karel Gallart can be served with process at 1606 N. Manhattan, Amarillo, Texas 79107 or wherever

1

he may be found. United requests that summons be issued so that service can be perfected upon this defendant at this time.

4.     Sandra Gallart is an individual resident of Texas. Sandra Gallart can be served with process at 1606 N. Manhattan, Amarillo, Texas 79107 or wherever she may be found. United requests that summons be issued so that service can be perfected upon this defendant at this time.

## Jurisdiction and Venue

5.     Federal question jurisdiction exists in this Court because the coverage issues before this court implicate federal law, including an interpretation of the MCS-90 endorsement. 49 C.F.R. §387.1-.17 and also the definition and interpretation of statutory employee under 49 C.F.R. §390.5.  28 U.S.C. § 1331.

6.     Venue is proper in this Court because Golden Gate is the named insured under a policy of insurance issued by United.  At the time the policy was issued, Golden Gate had its headquarters and principal place of business in El Paso, Texas. Consequently, venue for this declaratory judgment action is proper in this Court.  28 U.S.C §124(a)(5).

## Background

7.     United Specialty Insurance Company issued Policy No. MAT 0003400-30304 to MAC-NAFTA, with a certificate issued to Golden Gate Transport, LLC (the "Policy").  The Policy had a policy period from 10/1/14 to 10/1/15.

8. Karel Gallart was injured while he was hauling a load for Golden Gate Transport. After Karel Gallart was injured, he and his wife filed a lawsuit, which was styled: Cause No. 2015-DCV4158; *Karel Gallart and Sandra Gallart v. Golden Gate Transport, LLC*; In the 168th Judicial District Court of El Paso County, Texas (the Underlying Lawsuit").

9. According to the petition in the Underlying Lawsuit:

> IV. Facts
>
> On or about May 4, 2015, Karel Gallart was injured on the job while working as a truck driver for Golden Gate. Golden Gate is a non-subscriber to the Texas Workers Compensation system, and Karel Gallart was an employee of Golden Gate acting in the course and scope of his employment when the accident occurred. Karel Gallart contends that Golden Gate was negligent in failing to provide him with safe place to work, requiring him to work excessive hours and failing to provide him with safe driving schedules and procedures. Each of these negligent acts and omissions was a proximate cause of the injuries to Karel Gallart.

10. Although the Underlying Lawsuit does not provide any further specifications, the Arizona Crash Report indicates "this is a one vehicle non-injury traffic collision."

11. According to the investigator:

> Based on the driver's statement, evidence at the scene and damage observed, I determined the following occurred. Traffic unit one was traveling westbound in the number two lane when it drifted to the right and exited the roadway, crossing the emergency shoulder and then entering the desert to the north of the westbound lanes. As traffic unit one continued westbound, it ran into the right of way fence with the right side of the vehicle traffic unit one engaged the

fence line and shrubs for proximally 328 feet before separating from the fence and beginning to return up toward the roadway.

## **The Policy**

12. In pertinent part, the Policy provides coverage under the Truckers Coverage Form. Under the insuring agreement portion of the Policy, the Policy reads as follows:

**SECTION II- LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums and "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

13. The Policy contains several exclusions which may be applicable.

14. More specifically, the Policy reads as follows:

**B.    Exclusions**

This insurance does not apply to any of the following:

. . .

**4.    Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.**    An "employee" of the "insured" arising out of and in the course of:

  **(1)**    Employment by the "insured"; or

  **(2)**    Performing the duties related to the conduct of the "insured's" business; or

**b.**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

4

This exclusion applies:

    **(1)**    Whether the "insured" may be liable as an employer or in any other capacity; and

    **(2)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

15. In addition, the Policy contains a federally-mandated endorsement, the MCS-90 endorsement.

16. In pertinent part, the MCS-90 endorsement reads as follows:

> The insurance policy to which this endorsement is attached provides automobile liability insurance is amended to assure compliance by the insured, within the limits stated herein, is a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs only route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, ***does not apply to injury to or death of the insured's employees*** while engaged in the course of their employment, or property transported by the insured,

designated as cargo.(MCS-90 Endorsement, emphasis added).

### Employee or Statutory Employee

16. Karel Gallart was either a direct employee of Golden Gate or was a statutory employee of Golden Gate. Because Karel Gallart was engaged in interstate transportation activities on behalf of Golden Gate Transport, LLC at the time of the incident that gives rise to the Underlying Lawsuit, Karel Gallart is considered a statutory employee of Golden Gate. 49 C.F.R. §390.5.

18. According to the federal regulations, the definition of employee under 49 C.F.R. §390.5 is:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and freight handler. *See*, 49 C.F.R. § 390.5.

19. Because Karel Gallart was engaged in the operation of interstate transportation as a driver at the time of the incident that gives rise to the Underlying Lawsuit, Karel Gallart is considered an employee or statutory employee of Golden Gate. Accordingly, the Employee Exclusion operates to eliminate coverage under the United Policy for the claims made by Karel Gallart and Sandra Gallart in the Underlying Lawsuit against Golden Gate.

20. The United Policy also contains a federally-mandated endorsement known as the "MCS-90 Endorsement" that may be applicable under certain circumstances. However, the MCS-90 Endorsement only applies to "for-hire

motor carriers operating motor vehicles transporting property in interstate or foreign commerce." 49 C.F.R. §387.3.  The MCS-90 Endorsement also, by it terms, specifically does not apply to injury or death of the insured's employees while engaged in the course of their employment.  Because Karel Gallart was an employee or statutory employee of Golden Gate at the time of the accident that forms the basis of the Underlying Lawsuit, the MCS-90 Endorsement does not apply to the claims of Karel Gallart or Sandra Gallart.

## Relief Sought

21.     United seeks a declaration from this Court of no coverage pursuant to 28 U.S.C. §§2201 and 2202.  United is further entitled to a declaration from this Court that no duty to defend Golden Gate exists for the claims made in and which form the basis of the Underlying Lawsuit.  Additionally, United is entitled to a declaration from this Court that it has no duty to provide indemnity to pay for any judgment that might be rendered against Golden Gate for the claims made in and which form the basis of the Underlying Lawsuit.

## Prayer

22.     United Specialty Insurance Company prays that after consideration of this matter, either through trial or dispositive motion, that this court order and declare the following:

    a.     that no coverage exists under United Specialty Insurance Company Policy No. 0003400-30304 to MAC-NAFTA, with a certificate issued to Golden Gate Transport, LLC for the claims made in and which form the basis of that particular lawsuit styled: Cause No. 2015-

DCV4158; *Karel Gallart and Sandra Gallart v. Golden Gate Transport, LLC*; In the 168th Judicial District Court of El Paso County, Texas;

b. that United Specialty Insurance Company has no duty under Policy No. 0003400-30304 to MAC-NAFTA, with a certificate issued to Golden Gate Transport, LLC to provide a defense to Golden Gate Transport, LLC for the claims made in and which form the basis of that particular lawsuit styled: Cause No. 2015-DCV4158; *Karel Gallart and Sandra Gallart v. Golden Gate Transport, LLC*; In the 168th Judicial District Court of El Paso County, Texas;

c. that United Specialty Insurance Company has no duty to provide indemnity under Policy No. 0003400-30304 to MAC-NAFTA, with a certificate issued to Golden Gate Transport, LLC to Golden Gate Transport, LLC or to any other entity or person who may obtain a judgment or award for the claims made in and which form the basis of that particular lawsuit styled: Cause No. 2015-DCV4158; *Karel Gallart and Sandra Gallart v. Golden Gate Transport, LLC*; In the 168th Judicial District Court of El Paso County, Texas; and

d. that United Specialty Insurance Company receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

Respectfully Submitted,


BY: /s/George T. Jackson
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Drive, Suite 900
Houston, TX 77005
(713)626-1555 Telephone
(713)622-8077 Telecopier
gjackson.atty@bushramirez.com

**BUSH & RAMIREZ, PLLC of counsel**

**ATTORNEY FOR UNITED SPECIALTY INSURANCE COMPANY**